IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

FIDELIS GANGOBGA BAKOM,                    )
                                           )
        Petitioner,                        )
                                           )
v.                                         )        Case No. CIV-26-681-D
                                           )
TODD BLANCHE, et al.,                      )
                                           )
        Respondents.                       )

**<u>ORDER</u>**

Petitioner Fidelis Gangobga Bakom filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is a citizen of Cameroon who entered the United States on May 3, 2024. Thereafter, Petitioner was released, and he has remained in the United States since that time.

It is not clear when Petitioner was re-detained, but he alleges in his Petition that he has been in the custody of the U.S. Immigration and Customs Enforcement (ICE) for approximately three months (as of the date of his Petition, filed March 31, 2026). Petitioner is currently detained at the Cimarron Correctional facility in Cushing Oklahoma.

Petitioner's removal proceedings are ongoing. He is currently detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A). In his Petition, Petitioner contends that § 1225(b)(2)(A) does not apply to him because he was living in the United States at the time of his re-detention, and his detention should instead be governed by § 1226. Because of his assertion that § 1225(b)(2)(A) does not apply to him, Petitioner contends he is being held in violation of the Immigration and Naturalization Act,

1

8 U.S.C. § 1101 *et seq*. (INA). Petitioner seeks release from custody or, alternatively, a bond hearing pursuant to § 1226(a).

Respondents filed a Response in Opposition to the Petition for Writ of Habeas Corpus [Doc. No. 7]. The matter is fully briefed and at issue.

Respondents briefly assert that § 1225(b)(2)(A) applies to Petitioner's detention, and not § 1226(a). Generally, "§ 1225 mandates detention without the opportunity for a bond hearing for the noncitizens to whom it applies." *Hernandez v. Baltazar*, No. 1:25-cv-03094-CNS, 2025 WL 2996643, at *3 (D. Colo. Oct. 24, 2025) (citation omitted). In comparison, § 1226 provides the noncitizen with the opportunity for a bond hearing. *Id.*; *see also Aranda v. Olson*, No. 4:25-cv-156-GNS, 2025 WL 3499061, at *4 (W.D. Ky. Dec. 5, 2025) ("Overall, Section 1226(a) provides for a discretionary authority requiring an individualized bond determination before a noncitizen may be taken into custody.") (quotation and citation omitted).

As Respondents acknowledge, this Court has previously construed § 1225(b)(2)(A) as unambiguously requiring that an "applicant for admission" also be "seeking admission" for the section to control.[1] *See Colin*, 2025 WL 3645176, at *4. Further, this Court has previously declined to find that refusing to self-deport or submitting an asylum application constitute "seeking admission" for purposes of § 1225(b)(2)(A). *Cruz-Hernandez*, 2026

---

[1] On this issue, the Court finds persuasive the analysis provided by the Second Circuit in *Cunha v. Freden*, No. 25-3141-pr (2d. Cir. Apr. 28, 2026) and by the Seventh Circuit in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025). The Court also acknowledges the contrary 2-1 decisions in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).

WL 18932, at *1; *Malacidze v. Noem*, No. CIV-25-1527-D, 2026 WL 227155, at *3 (W.D. Okla. Jan. 28, 2026); *see also Li v. Grant*, No. CIV-25-1426-HE, 2026 WL 147438, at *1 (W.D. Okla. Jan. 20, 2026) ("The court additionally agrees with Judge Maxfield that § 1225(b)(2)(A) does not apply even though petitioner filed an application for asylum."); *Toledo Santos v. Grant*, No. CIV-25-1433-SLP, 2026 WL 184287, at *1-2 (W.D. Okla. Jan. 23, 2026) (ordering the respondents to provide the petitioner a bond hearing under § 1226(a) where the petitioner had been released on his own recognizance and later applied for asylum).

In this case, because Petitioner has been residing in the United States for years and was present in the country when he was detained, Petitioner does not fall into the mandatory detention provision of § 1225(b)(2)(A). *See Colin*, 2025 WL 3645176, at *5; *Malacidze*, 2026 WL 227155, at *3. Accordingly, § 1226(a) controls Petitioner's detention, and Petitioner is therefore entitled to a bond hearing.[2] *See Hernandez*, 2025 WL 2996643, at *3 (citing *Jennings*, 583 U.S. at 306) ("Federal regulations also provide that noncitizens detained pursuant to § 1226(a) are entitled to individualized bond hearings.").

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED in part** as set forth herein. Respondents shall provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a), or release Petitioner. A separate judgment shall be entered.

---

[2] Given this determination, the Court declines to address Petitioner's remaining claims at this time.

**IT IS SO ORDERED** this 29th  day of April, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE